## PAGE v. TOWN OF WARRENTON.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1913.)

### No. 1,158.

1. MUNICIPAL CORPORATIONS (§ 628*)—FIRES—DESTRUCTION OF PROPERTY—STATUTES—APPLICATION.

Code Va. 1904, §§ 1049–1067b, provides for the formation of volunteer fire companies in cities and towns, and declares the conditions under which such companies may be formed and their duties and organization. Section 1053, in such chapter, provides that in every city or town "in which there is any such company" there shall be appointed, at such time and in such manner as the council of such city or town may prescribe, a principal engineer and as many fire wardens as the council may direct. Section 1060 declares that the principal engineer or the warden commanding in his absence may direct the pulling down or destruction of any house or other thing that he may judge necessary to be pulled down or destroyed to prevent the further spreading of fire, and section 1061 gives the owner of such property the right to recover from such city or town the amount of the actual damage which he may have sustained by reason of the same having been pulled down or destroyed under such direction. *Held*, that it was a prerequisite to the authority of the town council under such act to appoint a principal engineer or fire warden that there was an organized fire company in the town within such act; and hence, where a declaration by a property owner to recover damages for the tearing down of his building alleged that the town, its officers and agents, wrongfully blew up and tore down his building in order to stop a fire, but did not allege the existence of an organized fire company under the act in the town or show the appointment by the council of any one with authority to act under section 1060, it was fatally defective.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1381–1383; Dec. Dig. § 628.*]

2. MUNICIPAL CORPORATIONS (§ 628*)—FIRES—DESTRUCTION OF PROPERTY—PREVENTION—COMMON-LAW LIABILITY.

A municipal corporation is under no common-law liability to a citizen for damages for property destroyed to prevent the spread of fire.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1381–1383; Dec. Dig. § 628.*]

In Error to the District Court of the United States for the Eastern District of Virginia, at Alexandria; Edmund Waddill, Jr., Judge.

Action by W. W. Page against the Town of Warrenton. A demurrer to the declaration was sustained, the action dismissed, and plaintiff brings error. Affirmed.

J. K. M. Norton, of Alexandria, Va., for plaintiff in error.

J. A. C. Keith, of Warrenton, Va., and Samuel G. Brent, of Alexandria, Va., for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before PRITCHARD, Circuit Judge, and CONNOR and KEL-
LER, District Judges.

KELLER, District Judge.  W. W. Page, a citizen and resident of
the state of New York, was the owner of a house in the town of
Warrenton, Va.  On October 29, 1910, a fire occurred in the town of
Warrenton, and the house of Mr. Page was. destroyed by the officers
of the town for the purpose of stopping the spread of fire.

Thereafter, said Page brought his action of trespass in the lower
court, laying his damage at $5,000.  A demurrer was interposed to
the original declaration; an amended declaration was filed, which was
also demurred to; the demurrer was sustained and the action dis-
missed; to which action of the court the plaintiff sued out his writ
of error, assigning as error the sustaining of the defendant's demur-
rer and the entering of judgment for the defendant town.

We do not deem it necessary to reproduce in full the plaintiff's
declaration, but the following paragraphs, extracted from it, will be
helpful in making clear the point in controversy:

[1] After the opening paragraph the plaintiff states his cause of
action thus:

"That heretofore, to wit, on the 29th day of October, 1910, the said plain-
tiff was the owner in fee simple of a two-story frame, metal roof building and
addition attached thereto, No. 38 on the East Side of Culpepper street, block
No. 12, in the said town of Warrenton, and the said plaintiff avers that on
the day aforesaid, a church which was a considerable distance from the said·
plaintiff's building was on fire, and that the said defendant, its officers and
agents, wrongfully and unlawfully blew up, tore down and· destroyed his
said dwelling house and addition attached thereto, and said plaintiff further
avers that there is a statute law of the state of Virginia, in such cases made
and provided, being sections 1060, 1061, and 1062 of the Code of Virginia of
1904, as follows:

" 'Sec. 1060. The principal engineer, or the warden commanding in his ab-
sence, may direct the pulling down or destroying of any fence, house, or other
thing which he may judge necessary to be pulled down or destroyed, to pre-
vent the further spreading of the fire, and for this purpose may require such
assistance from all present as he shall judge necessary.

" 'Sec. 1061. The owner of such property shall be entitled to recover from
the city or town the amount of the actual damage which he may have sus-
tained by reason of the same having been pulled down or destroyed under
such direction.

" 'Sec. 1062. The preceding section shall not enable any one to recover
compensation for property. which would have been destroyed by the· fire, if
the same had not been pulled down or destroyed under such direction, but only
for what could have been saved with ordinary care and diligence, had no such
direction been given.' "

The declaration then goes on to aver that the town had no chief
engineer or warden as contemplated by the statute cited, but that it
had a mayor and a recorder, and cites passages from the charter of
the town in regard to the general powers and duties of the mayor and
quotes a provision in the charter that in the absence of the mayor
his·duties devolve upon the recorder.  He then proceeds:

"And the said plaintiff further avers that at the time of the destruction
of his house, as aforesaid, that the mayor, the said defendant (sic) was ab-·
sent, but the said ·plaintiff·avers that the said recorder was present at the

said fire and approved and directed the destruction of said plaintiff's house as aforesaid.

"And the said plaintiff avers that his said building and addition thereto would not have been destroyed by the said fire, if the same had not been blown up, pulled down, and destroyed by the said defendant, its officers and agents, as aforesaid, and the said plaintiff avers that by reason of the premises aforesaid he has sustained loss and damage in the sum of $5,000; and therefore he brings his suit."

Chapter 45 of the Code of Virginia of 1904, embracing sections 1049 to 1067, inclusive, relates to the formation of volunteer fire companies in cities and towns, and provides for the conditions under which such companies may be formed and their duties and organization.

Section 1053 provides:

"In every city or town *in which there is any such company* (italics ours), there shall be appointed, at such time and in such manner as the council of such city or town may prescribe, a principal engineer, and as many fire wardens as the council may direct."

Subsequent sections of this chapter designate the principal engineer and fire wardens so appointed, and the commanders of fire companies, as the fire department of such city or town; prescribe their duties as to attending fires, their authority, etc.

We then come to the sections quoted in the plaintiff's declaration.

This chapter must be read as a whole, and, when so read, it evidently provides for a permissive system under which the towns and smaller cities of Virginia were authorized by the Legislature to provide more or less effectually against fires.

Manifestly, as a prerequisite to the authority of the town council of Warrenton to appoint a "principal engineer or fire warden," there must have been organized a fire company under the act, because the language of section 1053 heretofore quoted limits the authority to appoint to such a case. The declaration is utterly silent as to the existence of such a company, and we may take it, for the purposes of this case, that there was no such fire company in Warrenton.

[2] If so, there was no authority in the town council to organize a fire department under the act, and the law in force there was and i.. the old common law, under which, as is well known, no recovery can be had for property of the citizen destroyed to prevent the spread of fire. Beach v. Trudgain, 2 Grat. (Va.) 220; Amick v. Tharp, 13 Grat. (Va.) 570, 67 Am. Dec. 787.

While the foregoing is sufficient to vindicate the course of the learned trial judge in sustaining the defendant's demurrer to the plaintiff's declaration, we desire to say that, even had the declaration averred the existence of a company or companies organized under the provisions of chapter 45 of the Code, still, in our judgment, the demurrer would have to be sustained because of its failure to show the appointment by the council of any one with authority to act under the provisions of section 1060. As was well said by the learned trial judge in his memorandum opinion filed October 3, 1912:

"The lawmaking body may well have left to the chief of the fire department or his representative next in authority, the discretion of when and when not to destroy a building to prevent the spread of fire, at the town's

expense, when it·would never for a moment have thought of leaving to the mayor or town clerk, the exercise of such discretion."

The statute being plain and the averment being made in the declaration that there was no principal engineer or warden, it follows that there was no officer in the town of Warrenton lawfully authorized to bind the town in respect of the destruction of buildings to prevent the spread of fires.

Affirmed.